UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MAXINE R. GRANT,<br><br>     Plaintiff,<br><br>-against-<br><br>MICHAEL E. STEELE, ALL LLCS AND ASSETS,<br><br>     Defendant. | 25-CV-1778 (KMW)<br><br>ORDER OF DISMISSAL |

KIMBA M. WOOD, United States District Judge:

  Plaintiff, appearing *pro se*, brings this action asserting claims arising under city law and state law against her estranged husband. By order dated March 5, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. ECF No. 4. For the following reasons, the Court dismisses the second amended complaint without prejudice.

## STANDARD OF REVIEW

  The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

  Although the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and to interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of*

*Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citations omitted) (emphasis in original).  But the "special solicitude" courts provide to *pro se* litigants, *id*. at 475 (citation omitted), has its limits - to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2).

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true, but it need not accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions.  *Id*. at 678-79. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible - not merely possible - that the pleader is entitled to relief.  *Id.* at 679.

## BACKGROUND

The following facts are drawn from the second amended complaint.[1]  Plaintiff and Defendant, her estranged husband, both reside in New York, and they "are currently in a protracted divorce case, spanning several years." (ECF 7 at 1.)  Plaintiff alleges that she and Defendant married in 2000, and that during the entirety of their marriage, Defendant subjected her to domestic violence, "ranging from verbal abuse, physical abuse, intense, prolonged

---

[1] The Court quotes from the second amended complaint verbatim. All spelling, grammar, and punctuation appear as in the complaint unless noted otherwise.

psychological abuse and economic abuse," and sexual assault. (*Id.* at 2.) According to Plaintiff, as a result of Defendant's abuse, she experienced

> physical injury, pain, severe emotional distress, psychological trauma, mental anguish, humiliation, embarrassment, loss of self-esteem, loss of dignity, loss of credit standing, inability to find employment, loss of memory, and a loss of capacity to enjoy life, as well as other damages. Plaintiff incurred medical and psychological expenses. Ms. Grant is unable to concentrate, sleep, eat, maintain relationships and suffers from hair loss, excessive weight loss, PTSD, which manifests itself in uncontrollable shaking and trembling. These injuries are permanent in nature and Plaintiff will continue to suffer these injuries and losses in the future.

(*Id.* at 36-37.)

Plaintiff asserts state-law claims of "battery/sexual battery," aggravated harassment in the second degree, forgery, issuing a false financial statement, and violations of the Victims of Gender-Motivated Violence Act, N.Y.C. Admin. Code § 10-1104. Plaintiff seeks compensatory, injunctive, declaratory and monetary relief. (*Id.* at 31-37.)

## DISCUSSION

### A. Subject matter jurisdiction

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, a federal district court has jurisdiction only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Com. Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see*

Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative.").

### 1. Federal question jurisdiction

To bring an action claiming federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Here, Plaintiff asserts only state-law claims, and the facts alleged do not suggest that she can state any claims arising under federal law.

### 2. Diversity of citizenship jurisdiction

Plaintiff does not allege facts demonstrating that the Court has diversity jurisdiction over this action. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). Plaintiff must also allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted). Plaintiff indicates in the complaint that both she and Defendant reside in New York, precluding diversity of citizenship.

4

B.  **Leave to amend**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). . Because the Court lacks subject matter jurisdiction of Plaintiff's claims, the defects in her complaint cannot be cured with an amendment. The Court therefore declines to grant Plaintiff leave to file a third amended complaint.

## CONCLUSION

Plaintiff's second amended complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed without prejudice for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment dismissing this case.

SO ORDERED.

Dated:  June 25, 2025
        New York, New York

                                         /s/Kimba M. Wood
                                         KIMBA M. WOOD
                                         United States District Judge